AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:21-mj-00618 |
| JAMES TATE GRANT | ) Assigned to: Judge Meriweather, Robin M. |
|  | ) Assign Date: 9/29/2021 |
|  | ) Description: COMPLAINT W/ ARREST WARRANT |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* _____JAMES TATE GRANT_____,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 111(a)(1) and (b)- Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury;
18 U.S.C §§ 231(a)(3), 2 - Civil Disorder;
18 U.S.C § 1512(c)(2)- Obstruction of an Official Proceeding;
18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
40 U.S.C § 5104(e)(2)(C)- Entering and Remaining in Certain Rooms in the Capitol Building;
40 U.S.C § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building;
40 U.S.C § 5104(e)(2)(F)- Act of Physical Violence in the Capitol Grounds or Buildings;
40 U.S.C § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building

Date: 09/29/2021

2021.09.29
18:13:07 -04'00'

*Issuing officer's signature*

City and state: Washington, D.C.     Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

---

### Return

This warrant was received on *(date)* 9/29/21, and the person was arrested on *(date)* 10/14/21
at *(city and state)* Cary, NC

Date: 10/15/21

*Arresting officer's signature*

FBI SA Craig Noyes
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

FILED IN OPEN COURT
ON 10|15|2021 CB
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 5:21-MJ-01992-RN |
| James Tate Grant | ) |
| | ) Charging District's Case No. 1:21-MJ-618 |
| *Defendant* | ) |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☑ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   10/15/2021

*Defendant's signature*

*Signature of defendant's attorney*

Jennifer Leisten

*Printed name of defendant's attorney*

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

FILED IN OPEN COURT
ON 10|15|2021 CB
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

United States of America )
v. )
)
JAMES TATE GRANT ) Case No. 5:21-MJ-1992-1RN
)
)

*Defendant*

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _US District Court for District of Columbia_
*Place*
_by video. Link to be provided to defense counsel_
on _Thursday October 21, 2021 1:00pm_
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20) Additional Conditions of Release                                                                                             Page 2 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ ) (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state   Holly Springs, NC _____   Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____
                    Custodian                                Date

( ☒ ) (7) The defendant must:
( ☒ ) (a) submit to supervision by and report for supervision to the   United States Probation Office as directed   ,
telephone number _____, no later than _____.
( ☐ ) (b) continue or actively seek employment.
( ☐ ) (c) continue or start an education program.
( ☒ ) (d) surrender any passport to:   the United States Probation Office as directed
( ☒ ) (e) not obtain a passport or other international travel document.
( ☒ ) (f) abide by the following restrictions on personal association, residence, or travel:   the Eastern District of North Carolina and travel to the District of Columbia only for court appearances or meetings with counsel. Defendant may travel to MDNC for medical treatment
( ☒ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   all co-defendants.

( ☐ ) (h) get medical or psychiatric treatment: _____

( ☐ ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☒ ) (k) not possess a firearm, destructive device, or other weapon.
( ☒ ) (l) not use alcohol ( ☐ ) at all ( ☒ ) excessively.
( ☒ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ☒ ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
( ☒ ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ☐ ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
( ☐ ) (i) **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
( ☐ ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
( ☐ ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
( ☐ ) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20) Additional Conditions of Release

Page 3 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q) submit to the following location monitoring technology and comply with its requirements as directed:
  ( ☐ ) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
  ( ☐ ) (ii) Voice Recognition; or
  ( ☐ ) (iii) Radio Frequency; or
  ( ☐ ) (iv) GPS.

( ☐ ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☒ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☒ ) (t) _defendant may not reside in a residence when firearms are present_

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_[Defendant's Signature]_
*Defendant's Signature*

RALEIGH, NC
*City and State*

### Directions to the United States Marshal

( ✓ )  The defendant is ORDERED released after processing.
(   )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  10/15/2021                              _[Judicial Officer's Signature]_
                                               *Judicial Officer's Signature*

                                               Robert T. Numbers, II, United States Magistrate Judge
                                               *Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PROBATION OFFICE   U.S. ATTORNEY   U.S. MARSHAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:21-MJ-01992-RN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| James Tate Grant | ) | |

Defendant having demonstrated eligibility for appointment of counsel at government expense, the Federal Public Defender is directed to provide representation in this action.

The court further determines that the defendant is unable to pay the fees of any witness, and pursuant to Federal Rule of Criminal Procedure 17(b), the Clerk shall issue a subpoena for any witness necessary to present an adequate defense to the pending charge or charges.

It is FURTHER ORDERED that the United States Marshal shall serve any subpoena presented to him in this case by the office of the Federal Public Defender, and shall pay the appropriate fees and expenses to witnesses so subpoenaed, in accordance with Fed. R. Crim. P. 17(b).

SO ORDERED this the 15th day of October, 2021

*Robert T. Numbers II*
Robert T. Numbers, II
United States Magistrate Judge

CLOSED

# U.S. District Court
# EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
# CRIMINAL DOCKET FOR CASE #: 5:21–mj–01992–RN All Defendants

Case title: USA v. SEALED

Date Filed: 10/13/2021
Date Terminated: 10/15/2021

Assigned to: Magistrate Judge Robert T. Numbers, II

**Defendant (1)**

**James Tate Grant**
*TERMINATED: 10/15/2021*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. §§ 111(a)(1) and (b): Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury; 18 U.S.C. §§ 231(a)(3), 2 – Civil Disorder; 18 U.S.C. § 1512(C)(2) – Obstruction of an Official Proceeding; 18 U.S.C. § 17582(a)(1): Entering and Remaining in a Restrict Building or Grounds; 18: U.S.C. § 1752(a)(2): Disorderly and Disruptive Conduct in a Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(C) – Entering and Remaining in Certain Rooms in the Capitol Building; 40 U.S.C. 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building; 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings; 40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating or Picketing in a Capitol Building | |

**Plaintiff**

**USA**     represented by     **Barbara D. Kocher**
United States Attorney's Office – EDNC
150 Fayetteville Street, Suite 2100

Raleigh, NC 27601
919–856–4530
Fax: 856–4487
Email: barb.kocher@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2021 | | Set Hearing as to James Tate Grant: Initial Appearance set for 10/15/2021 at 10:00 AM in Raleigh – 5th Floor Courtroom before Magistrate Judge Robert T. Numbers II. (Brewer, C) (Entered: 10/13/2021) |
| 10/14/2021 | 1 | Arrest (Rule 5) of James Tate Grant. (Brewer, C) (Additional attachment(s) added on 10/13/2021: # 1 Warrant, # 2 Statement of Facts) (Brewer, C). (Entered: 10/13/2021) |
| 10/14/2021 | | ***CHANGE IN COURTROOM LOCATION*** Reset Hearing as to James Tate Grant: Initial Appearance reset for 10/15/2021 at 10:00 AM in Raleigh – 7th Floor – Courtroom 2 before Magistrate Judge Robert T. Numbers II. (Brewer, C) (Entered: 10/14/2021) |
| 10/15/2021 | 2 | CJA 23 Financial Affidavit by James Tate Grant (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | | ORAL MOTION to Unseal Case filed by USA as to James Tate Grant. (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | | ORAL ORDER granting ORAL Motion to Unseal Case as to James Tate Grant (1). Entered by Magistrate Judge Robert T. Numbers, II on 10/15/2021. (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to James Tate Grant. Signed by Magistrate Judge Robert T. Numbers, II on 10/15/2021. (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | 4 | Minute Entry for proceedings held before Magistrate Judge Robert T. Numbers, II in Raleigh – Initial Appearance in Rule 5 Proceedings as to James Tate Grant held on 10/15/2021. Assistant US Attorney present for the Government. Defendant requests counsel. The Court appoints a Federal Public Defender. The Government moves to unseal this matter in its entirety. The Court grants the oral motion to unseal. Defendant advised of rights, charges and maximum punishments. The Government does not move for detention. Defendant waives his identity and preliminary hearings. The Court accepts defendant's waivers. The Court finds that the defendant is in fact the subject named in the complaint issued in the District of Columbia and the Court finds that there is probable cause to support the allegations against the defendant. Defendant to appear virtually to the US District Court in the District of Columbia at 1:00pm on 10/21/2021. Zoom Link has been provided to defendants Federal Public Defender present in court with him today. Defendant released on conditions after any final processing with the US Marshal. (Court Reporter – FTR) (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | 5 | ORDER Setting Conditions of Release. Signed by Magistrate Judge Robert T. Numbers, II on 10/15/2021. (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | 6 | Waiver of Preliminary and Identity Hearings by James Tate Grant. (Brewer, C) (Entered: 10/15/2021) |
| 10/15/2021 | | TEXT ORDER as to James Tate Grant – As required by Rule 5(f)(1) of the Federal Rules of Criminal Procedure, the court reminds counsel that under Brady v. Maryland and its progeny the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. 83, 87 (1963). Failure by the government to comply with its disclosure obligation could result in the exclusion of evidence, an adverse jury instruction, dismissal of charges, reversal of a conviction, vacation of a sentence, and imposition of sanctions against the individuals responsible for the violation, among other consequences. Entered by Magistrate Judge Robert T. Numbers, II on 10/15/2021. (Brewer, C) (Entered: |

| | | 10/15/2021) |