UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SAMSEL, *et al.*,<br><br>Defendants. | Criminal Action No. 21-537 (JMC) |

## **PRETRIAL ORDER**

As discussed during the Status Conference held in this case on May 5, 2022, and in order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that the trial of this case will commence on **March 6, 2023, at 9:00 AM** in Courtroom 21. It is further

**ORDERED** that any motions in limine are due by **January 30, 2023**. Oppositions are due by **February 9, 2023**, and replies are due by **February 16, 2023**. It is further

**ORDERED** that a pretrial conference will be held on **February 24, 2023, at 10:30 AM** in Courtroom 21. It is further

**ORDERED** that the Parties' joint pretrial statement is due by **February 14, 2023**. In addition to filing the joint pretrial statement on the public docket, the Parties will submit a version of the statement in Microsoft Word format to Cobb_Chambers@dcd.uscourts.gov. The joint pretrial statement will include:

    a. <u>written statements</u> (i) by the Government setting forth the terms of any plea offer made to Defendants and the date such offer was made and lapsed; and (ii) by

1

    Defense Counsel indicating (1) the dates on which the terms of any plea offer were communicated to Defendants and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the Defense Counsel to Defendants and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

b. <u>a one-paragraph joint statement</u> of the case for the Court to read to prospective jurors;

c. <u>proposed *voir dire* questions</u> that include:

    i. the *voir dire* questions on which the Parties agree; and

    ii. the *voir dire* questions on which the Parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

d. <u>the text of proposed jury instructions</u>, which are formatted so that each instruction begins on a new page, and indicating:

    i. the instructions on which the Parties agree;

    ii. the instructions on which the Parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority;

e. <u>a list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f. <u>a list of prior convictions</u> that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g. <u>lists of exhibits</u> that the Parties intend to use during their cases-in-chief, with a brief description of each exhibit, followed by specific objections (if any) to each exhibit;

h. <u>any stipulations</u> executed or anticipated to be executed;

i. <u>a proposed verdict form</u> that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

j. <u>a proposed schedule</u> for the Parties' exchange of witness lists and Jencks Act material, including when such lists will be provided to the Court.

It is further

**ORDERED** that the Parties will exchange exhibit lists, which they are required to provide with their joint pretrial statement, by **January 25, 2023**. The lists will consist of all exhibits that the Parties intend to use in their cases-in-chief. The Parties will file objections to the admissibility of exhibits to the extent practicable by **February 6, 2023**. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. The written lists of exhibits must contain a brief description of each exhibit. At the commencement of trial, counsel will furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in

evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **February 3, 2023**. *See United States v. Celis*, 608 F.3d 818, 835-36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.

**SO ORDERED.**

DATE: May 10, 2022

_____
Jia M. Cobb
U.S. District Court Judge