UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>  v.<br><br>**RYAN SAMSEL, et al.,**<br><br>  Defendants. | Case No. 1:21-cr-00537-JMC |

**JOINT STATUS REPORT PURSUANT TO THE
COURT'S AUGUST 5, 2022 MINUTE ORDER**

Through their respective undersigned counsel, and pursuant to this Court's August 5, 2022 Minute Order, the parties below hereby provide the following report in an effort to comply with this Court's order for a joint status report:

1.  In the above-referenced minute order, this Court ordered the parties to prepare a Joint Status Report addressing the status of the case and updating the Court on the efforts of the parties to arrive at a schedule for the next status conference, disclosure of any expert witnesses, and notification of the government's intent, if any, to offer evidence pursuant to F.R.E. 404(b). The minute order also sought information on the position of the parties concerning the need for written questionnaires during voir dire. The Court directed the parties to file the Joint Status Report by September 7, 2022, but later granted an unopposed motion to extend that deadline until September 14, 2022. September 6, 2022 Minute Order.

2.  On September 9, 2022, counsel for the United States and for defendants Randolph, Johnson and Blythe were able to participate in a conference call. Counsel for defendant Samsel were not available at the time of the call and, according to one of defendant Samsel's attorneys,

1

had not had an opportunity to confer with each other. Counsel for defendant Grant appeared to be unavailable as well.

    3.    Parties participating in the conference call were able to agree to the following schedule:

    a.  On or before January 6, 2023, the United States will provide notice of its intent to offer evidence pursuant to F.R.E. 404(b).

    b.  On or before February 1, 2023, all parties will make disclosures required for expert witnesses, if any, who will be testifying during the above-captioned trial.

    c.  On or before February 17, 2023, any party calling an expert witness in response or rebuttal to an expert disclosed on or before February 1, 2023, will make disclosure for such additional expert.

    d.  Counsel for defendant Samsel subsequently confirmed agreement with the schedule listed in paragraphs 3a-c above.

    e.  Counsel participating in the conference call proposed the following options for a future status conference: September 27, 2022 in the afternoon (ideally at 1:00 p.m., 3:00 p.m., or 4:00 p.m.); September 28, 2022 at any time in the afternoon, and September 30, 2022, at any time during that day. Subsequently, in an electronic mail message, Stanley Woodward, Esq., counsel for defendant, Samsel advised that he and co-counsel Julia Haller, Esq. are starting a trial on September 27, 2022 that is approximated to last at least four weeks and thus counsel for Samsel will not be available in the late September to early October period this Court's August 5 minute order identified for scheduling the next status conference.

    4.    With respect to written juror questionnaires:

    a.  Counsel for defendant Johnson intends to file a motion seeking a written juror questionnaire.

b.  Counsel for defendant Randolph respectfully submits that it is necessary and appropriate to utilize a written juror questionnaire in this case prior to the start of trial. First and foremost, a key government witness testified in a televised hearing conducted by the House Select Committee to Investigate January 6th. Unlike many of the hearings that took place during the work day, that key government witness testified at the first hearing which was televised during prime time in the evening and carried by nearly all major television networks and other news outlets. Additionally, by the time this case proceeds to trial on March 6, 2023, there will have been numerous jury trials relating to charges stemming from January 6th. The District of D.C. is, relatively speaking, a small district with a small jury pool. There is a great likelihood that many of the potential jurors will have already been summoned and/or participated in the jury selection process for other January 6 trials. A written questionnaire is necessary and appropriate to ensure that the parties have qualified jurors prior to beginning voir dire at the start of trial.

c.  After counsel for defendant Randolph circulated the statement above, Peter Cooper, Esq., counsel for defendant Grant, responded by electronic mail that he took the same position as counsel for defendant Randolph.

d.  Counsel for defendant Samsel agree with the positions on written juror questionnaires stated above in paragraph 4a-b.

5. The United States remains opposed to the use of written juror questionnaires and believes that the concerns defense counsel seek to address through their use can be addressed through traditional voir dire. The trial witness who is identified in paragraph 4b above testified before Congress on June 9, 2022, approximately nine months before the March 9, 2023 trial date scheduled for this case. Presumably, prospective jurors will be asked if names on any party's witness list are recognized, and can be asked about exposure to publicity or broadcasts of relevant

congressional hearings. The United States is not prepared to assume a high likelihood that the jury pool for the above-captioned trial will contain jurors who have gone through voir dire in other cases arising from the January 6, 2021 attack on the Capitol; moreover, participation in the process of jury selection is not a factor that automatically disqualifies individuals from service. The United States agrees that any party seeking the use of written juror questionnaires should file a motion seeking that relief which this Court can decide after briefing by the parties.

|  |  |
|---|---|
|  | Respectfully submitted, |
| FOR THE DEFENSE: | FOR THE UNITED STATES: |
| ___/s/_____ | MATTHEW M. GRAVES |
| Angela Halim, Esq. | UNITED STATES ATTORNEY |
| 3580 Indian Queen Lane | D.C. Bar No. 481052 |
| Philadelphia, Pennsylvania 19129 |  |
| (215) 300 3229 |  |
| angiehalim@gmail.com | By: |
|  | /s/ Karen Rochlin |
| /s/_____ | KAREN ROCHLIN |
| Lauren E.S. Rosen | DC Bar No. 394447 |
| Assistant Federal Public Defender | Assistant United States Attorney Detailee |
| 1605 King Street, Suite 500 | U.S. Attorney's Office |
| Alexandria, Virginia | Southern District of Florida |
| (703) 600-0819 | 99 N.E. 4th Street |
| Lauren_Rosen@fd.org | Miami, Florida  33132 |
|  | (786) 972-9045 |
| /s/_____ | Karen.Rochlin@usdoj.gov |
| Stephen F. Brennwald, Esq. |  |
| 922 Pennsylvania Avenue, SE |  |
| Washington, D.C.  20003 |  |
| (301) 928 7727 |  |
| sfbrennwald@cs.com |  |

/s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)

Stanley@BrandWoodwardLaw.com

*/s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com