UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-00537-JMC |
| | : | |
| RYAN SAMSEL | : | |
| JAMES TATE GRANT | : | |
| PAUL RUSSELL JOHNSON | : | |
| STEPHEN CHASE RANDOLPH | : | |
| JASON BENJAMIN BLYTHE | : | |
| | : | |
| Defendants. | : | |

### JOINT MOTION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

A jury trial is currently scheduled to begin in this matter on April 24, 2023. The parties now respectfully move to continue this trial until September 25, 2023 and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

The Court previously set trial for a three-week period beginning on April 24, 2023. *Minute Order dated Jan. 30, 2023*. Counsel for Defendant Ryan Samsel has informed the Court of a conflict on that date that cannot be resolved. Further, the Court recently informed the parties that it will permit present counsel for Defendant James Tate Grant to withdraw from the case and that the Court intends to appoint new counsel for Mr. Grant after deciding the parties' motion to continue. Mr. Grant therefore has not taken a position on the present motion. All other parties have conferred and agreed to a continuance to the earliest three-week period on which all parties are available.

## SPEEDY TRIAL ACT

Pursuant to the Speedy Trial Act, as a general matter, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably

> deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Counsel for Defendant Ryan Samsel has represented that they have an unavoidable conflict that renders them unavailable to adequately prepare and appear for trial on April 24, 2023. Further, the Court has informed the parties that counsel for Defendant James Tate Grant will be permitted to withdraw and that appointment of new counsel is forthcoming. An ends-of-justice continuance is further warranted to allow new counsel adequate time to prepare for a complex, multi-week trial.

## CONCLUSION

WHEREFORE, the parties respectfully request that the Court grant the motion for a continuance of the above-captioned proceeding from April 24, 2023 to September 25, 2023 and exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052


By: _____/s/_____
J. Hutton Marshall
Assistant U.S. Attorney
DC Bar No. 1721890
601 D Street, N.W.
Washington, D.C. 20579
(202) 809-2166
Joseph.hutton.marshall@usdoj.gov

Christopher Brunwin
Assistant U.S. Attorney
312 N. Spring Street
13th Floor
Los Angeles, CA 90012
213-894-4242
Email: christopher.brunwin@usdoj.gov

Kyle Robert Mirabelli
Assistant U.S. Attorney
601 D Street NW
Suite 6-725
Washington, DC 20001
202-815-4028
Email: kyle.mirabelli@usdoj.gov

*Counsel for United States*

_____/s/_____
Stanley Edmund Woodward , Jr.
BRAND WOODWARD LAW
1808 Park Road NW
Washington, DC 20010
202-996-7447
Fax: 202-996-0113
Email: stanley@brandwoodwardlaw.com

Juli Zsuzsa Haller
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW

Suite 900
S. Building
Washington, DC 20036
202-352-2615
Email: hallerjulia@outlook.com

*Counsel for Defendant Ryan Samsel*

_____/s/_____
Lauren Rosen
OFFICE OF THE FEDERAL PUBLIC DEFENDER
Eastern District of Virginia, Alexandria Division
1650 King Street
Suite 500
Alexandria, VA 22314
703-600-0819
Email: lauren_rosen@fd.org

Todd M. Richman
OFFICE OF THE FEDERAL PUBLIC DEFENDER
Eastern District of Virginia
1650 King Street # 500
Alexandria, VA 22314
703-600-0800
Fax: 703-600-0880
Email: todd_richman@fd.org

*Counsel for Defendant Paul Russel Johnson*

_____/s/_____
Angela Halim
Pennsylvania
3580 Indian Queen Lane
Philadelphia, PA 19129
215-300-3229
Email: angiehalim@gmail.com

*Counsel for Defendant Stephen Chase Randolph*

_____/s/_____
Stephen F. Brennwald
BRENNWALD & ROBERTSON, LLP

5

922 Pennsylvania Avenue, SE
Washington, DC 20003
(301) 928-7727
Fax: (202) 544-7626
Email: sfbrennwald@cs.com

*Counsel for Defendant Jason Benjamin Blythe*