UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 21 Cr. 537 (JMC) |
| v. | : | |
| JAMES TATE GRANT | : | |
| Defendant. | : | |

### DEFENDANT GRANT *MOTION IN LIMINE* CONCERNING GOVERNMENT'S PROPOSED EXHIBITS

### INTRODUCTION

The Government has identified ten different categories of proposed Trial Exhibits the prosecution intends to introduce at the trial of this case. The categories are as follows:

000 – Capitol Maps and Diagrams

100 – Overview Exhibits

300 – Video Recordings

500 – Defendant Statements

800 – Documents

1000 – Physical Evidence

1100 – Phone Extractions

1200 – Stipulations

The following sections identify defendant James Grant's objections to the currently constituted list of Government Exhibits. [1]

### ANALYSIS

**1. Maps and Diagrams (000 Series)**

The Government has identified approximately twenty-one exhibits in this series, which

---

[1] The Government and defense counsel conduced a Teams Meeting to discuss some of the defendants' collective objections. It is possible that the Government will seek to amend its Exhibit list or modify some of the exhibits.

are "renderings" (in white) of the Capitol grounds and the "Peace Circle," where some of the events in this case took place. None of the renderings contain a notation as to scale and it appears to undersigned counsel that many of the renderings do not accurately depict the geography of the Peace Circle. Moreover, in one of the renderings, there is a solitary human figure (depicted in red) standing by the barriers, but the person towers over the barriers, which is inconsistent with the real-world events captured in various video recordings. The following is an example of one of the exhibits.



For all of these reasons, the defense object to the introduction of these renderings, at least until the Government can sufficiently establish the relevant, accuracy, and authenticity of the proposed exhibits.

2. **Overview Exhibits (100 Series)**

The Government has identified two lengthy videos in this group of exhibits, one of which is captioned "Video Montage," and another identified as "Main-2." These videos depict various

events at the Capitol grounds and inside the building on January 6, 2021. Some of the events do not appear to have any relationship at all to the charges against defendant James Grant (or his co-defendants) and the use of "montage" or overview videos ought to be limited in this non-jury trial.

   3. **Video Recordings (300 Series)**

The Government has identified approximately thirty (30) video recordings that it intends to introduce into evidence. As an initial matter, some of the videos are more than an hour long. Many of the videos appear to depict the same events and are needlessly repetitious. Finally, most (if not all of the videos) appear to have been filmed by third persons, who the defense does not believe that the Government intends to call as witnesses to authenticate the exhibits. The mere fact that the videos depict events at the Capitol does not make them self-authenticating. See, e.g., United States v. Blackwell, 694 F.2d 1325, 1332 (D.C. Cir. 1982)(in order to be introduced into evidence, photographs must be "authenticated [and] the photographs must also be relevant to some matter at issue in the trial"). This Court should use its inherent supervisory powers at the trial to both limit the introduction of duplicative videos and to require sufficient authentication of the remaining exhibits prior to their introduction into evidence.

   4. **Still Photographs (600 Series)**

The Government has identified a large number of photographs that it intends to introduce into evidence. Defendant James Grant objects to the following photographs: (1) Exhibit 176-CE346711 appears to be a still photograph taken from a video inside of the Capitol of defendant Grant. The photograph contains prejudicial text that appears to have been written by someone other than the defendant and the text should be excluded from evidence; (2) The Exhibit marked "Combined Still At Peace Circle" is exactly that – a composite of two separate photographs

taken by unidentified photographers from different vantage points that were crudely joined together. The montage is misleading and should be excluded from evidence; and (3) a photograph identified as "Still of Grant Randolph Blythe and Officers DC TL." The defense objects to this particular exhibit since it captures only one moment from of a larger series of events and thus is misleading. The defense anticipates that the Government will introduce a video of these events, which would capture the events in context for the court to consider.

In addition to these specific objections, defendant James Grant objects to any of the other photographs identified by the Government that depict events at the Capitol grounds or inside the building that are not related to the charges in this case. It is not merely that these events are tangential (at best) to the charges in this case, but there is an enormous amount of duplication between the videos and the photographs. Accordingly, this Court should limit the scope and number of such exhibits in the interest of judicial economy.

5. **Phone Extractions  (111200 Series)**

The Government has indicated that it intends to introduce into evidence an "Extraction Report" of the contents of the defendant's cellular telephone, primarily photographs that were stored on the device. The Extraction Report, however, includes photographs of the defendant taken months after the events of January 6, 2021 and are highly and unfairly prejudicial. These photographs depict what might be narcotics and weapons and other potentially illegal other matters that have no bearing on the issue of the defendant's guilt on the charged offenses. The Government has not filed a notice pursuant to Federal Rule of Evidence 404(b) of an intent to introduce "other crimes" evidence and the contents of the defendant's cellular phone memory that do not pertain to the charged events must be excluded. The Government also identified as an Exhibit an FBI 302 Report dated June 17, 2022 that summarized the defendant's laptop and

cellular phone. The underlying contents of the phone should be excluded and the FBI likewise is inadmissible at the trial of this case.

6. **Stipulations (1200 Series)**

The Government has proposed a series of approximately twenty (20) stipulations. The Government and counsel for various defendants have consulted and have reached only a limited agreement as to the stipulations. The defendants have also indicated a willingness to stipulate as to the testimony of certain Government witnesses who previously testified at other January 6 related trials (and possibly the exhibits that were admitted during such testimony). The effort to reach stipulations and other agreement to shorten the trial of this case remain ongoing. [2]

## CONCLUSION

For all of these reasons, the defense requests that this Court grant this *Motion In Limine* and prevent the introduction of the Government's exhibits identified herein.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

---

[2] Undersigned has diligently reviewed the Government's proposed exhibits, but defendant Grant remains incarcerated at FCI Lewisburg. The defense reserves it right to further object to the Government's exhibits after the defendant has had the chance to personally review them and discuss the matter with counsel.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via ECF to the Assistant United States Attorneys listed on the case docket and counsel for the co-defendants, this 2nd day of October, 2023.

*Robert Feitel*

_____
Robert Feitel