UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                          :                   21 Cr. 537 (JMC)

v.                                              :

JAMES TATE GRANT                    :

Defendant.                                :

### DEFENDANT GRANT'S TRIAL MEMORANDUM RE: COUNT TWO OF THE SUPERSEDING INDICTMENT – ASSAULT ON LAW ENFORCEMENT OFFICER C.E.

### INTRODUCTION

Defendant James Grant is charged in Counts Two of the Superseding Indictment with using a dangerous or deadly weapon to forcibly "assault, resist, oppose, impede, intimidate, interfere with, and inflict bodily injury" on a member of the United States Capitol Police, identified as "C.E.," pursuant to 18 United States Code Section 111(a)(1) and (b). See DE 245 (Superseding Indictment). As explained in greater detail, the Government will be unable to prove beyond a reasonable doubt that defendant Grant "inflicted" serious bodily injury because he was not the direct physical cause of any injury suffered by C.E. Moreover, under well-established law, Mr. Grant cannot be criminally liable for any alleged assault because the intervening criminal acts of the co-defendants broke any chain of causality between the defendant's acts and any injury to the victim.

### FACTUAL SUMMARY

The Government alleges that on January 6, 2021, at approximately 12:45 p.m., James Grant, along with the co-defendants in this case, and what appears to be possibly hundreds of other protestors, approached a group of police officers located at the Peace Circle, some distance away from the Capitol building. The officers were standing behind a temporary barrier that

consisted of five bicycle racks which had been loosely connected together as depicted in the rendering below:



Defendant Grant was located on the left side of the line of bicycle racks, with the other co-defendants to his right. There came a time when the defendants (and apparently others) began to independently push against the temporary barrier. Because the bicycle racks were not rigidly held together, however, any forward movement against the bicycle rack in front of defendant Grant towards the officers caused the rack immediately to his right to bow backwards (towards the line of protestors), in an inverted "V" shape as show below:



Ultimately, the forces that were independently exerted by against the bicycle racks caused them to fall forward, allegedly injuring officer CE – who was standing at the far-right end of the temporary barrier.

## LEGAL ANALYSIS

### 1. *Assault On A Law Enforcement Officer Requires Proof Of Direct Physical Cause Of Injury*

The Government had the burden of proving beyond a reasonable doubt, the following elements of the offense of Assault On A Police Officer with a dangerous or deadly weapon:

> First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police;

> Second, the defendant did such acts forcibly;

> Third, the defendant did such acts voluntarily and intentionally;

> Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties;

> Fifth, in doing such acts, the defendant used a deadly or dangerous weapon.

See United States v. Schwartz, 21 Cr. 178 at DE 172 (APM)(Jury Instructions).

In addition, the statute specifically requires the defendant "inflicted" the injury to the law enforcement officer. Accordingly, when this Court deliberates to consider its verdict in this case as to the assault charges, it must also be satisfied beyond a reasonable doubt that the Government proved the following additional element:

> *Sixth, that the defendant inflicted the bodily injury, which requires proof that the defendant was the direct physical cause of the injury.*

In United States v. Zabawa, 719 F.3d 555 (6th Cir. 2013), the Court analyzed the meaning of the word "inflicted" in the context of an assault on a police officer charge pursuant to 18 U.S.C. Section 111. It concluded as follows:

Our task in construing a statute, however, is to find not merely a reasonable interpretation, but the best one. . . .  And on balance the ordinary usage of "inflict" favors [the defendant's] interpretation. "Inflict" is a more specialized term than "cause." Inflict normally refers to direct *physical* causation of physical harm: "*inflicted heavy losses on the enemy; a storm that inflicted widespread damage.*" American Heritage Dictionary 926 (3d ed. 1992). . . . This meaning holds almost anywhere one looks.

Inflict means something more precise—and thus something narrower—than merely "[t]o be the cause of or reason for; result in." American Heritage Dictionary 305 (definition of "cause"). **What inflict conveys is a sense of physical immediacy: to cause harm directly, by physical force.**

That § 111(b) uses "inflict" in this sense is entirely consistent with the provision's context: "[w]hoever ... inflicts *bodily injury[.]* " 18 U.S.C. § 111(b) (emphasis added). Thus, as used in § 111(b), "inflict" refers to physical, not proximate, causation. **The person whose action was the direct physical cause of [the victim's] laceration, therefore, is the person who inflicted it for purposes of § 111(b).** And even the government admits that [the victim] himself might have been that person.

Zabawa, 719 F.3d at 560 (emphasis added). Accord Gray v. United States, 980 F.2d 264, 267 (2d Cir. 2020).

In this case, the Government will not be able to satisfy its burden of proving beyond a reasonable doubt that defendant Grant's conduct was the "direct physical cause" of the alleged injuries to victim C.E. This officer was located at least one bicycle rack to Grant's right  – and was standing directly in front of co-defendants Blythe, Johnson, and Samsel. Accordingly, the Government will not be able to prove at all  – let alone beyond a reasonable doubt – that Grant was the in direct physical contact with Officer C.E.

## 2. *Legal Proximate Cause/Intervening Criminal Acts*

Even assuming *arguendo* that defendant Grant somehow "inflicted" physical harm on Officer C.E. the Government will not be able to prove that his conduct was the legal proximate cause of the alleged injuries to the officer.

In United States v. Pitt-Des Moines, Inc., 970 F. Supp. 1359 (N.D. Ill. 1997), the Court noted the well settled rule that in order to convict a defendant of a criminal offense which includes a causation element, the government must prove beyond a reasonable doubt that the defendant's conduct was both the "cause in fact" and the "legal cause" of the relevant harm.

> To prove that a defendant's conduct was the "cause in fact" of a harm, the government usually must demonstrate that the defendant's conduct was the "but-for cause" of the harm. In other words, the government must show that but for the defendant's conduct, the harm would not have occurred.

> To prove that a defendant's conduct was the "legal cause" (or "proximate cause") of a harm, the government must prove that the harm was a foreseeable and natural result of the conduct.

Pitt-Des Moines, 970 F.Supp. at 1364.

Proximate causation in a criminal case presents a "higher threshold for proof" than proximate causation in a civil tort case. United States v. BP Prod. N. Am. Inc., 610 F. Supp. 2d 655, 688 (S.D. Tex. 2009). The Supreme Court has specifically held that the requirement of proximate cause thus prevents the imposition of criminal liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity. Paroline v. United States, 572 U.S. 434, 444–45, 134 S. Ct. 1710, 1719, 188 L. Ed. 2d 714 (2014). In this case, the Government will not be able to establish beyond a reasonable doubt that defendant Grant's conduct was the proximate cause of the alleged injuries. The energy of any forward pushing of the loosely connected bicycle racks by this defendant was either: (1) dissipated before it reached officer C.E.; or (2) re-directed when the bicycle racks folded on the other side of the temporary barrier.

Moreover, there are clearly defined legal limits to the imposition of proximate cause. Under equally well-settled law, the chain of causality is broken when there is an "intervening cause." Spagna v. Phi Kappa Psi, Inc., 30 F.4th 710, 717 (2022). Accord McDermott v. Midland

Management, Inc., 997 F.2d 768, 770 (1993)(There is generally no proximate cause where the original conduct broken by the intervention of a "new, separate, wholly independent, and efficient intervening cause"); T.M. v. Detroit Public Schools, 2016 WL 3997047 at 6 (E.D. Mich) (holding that an intervening cause is defined as one which "actively operates in producing harm to another after the actor's negligent act or omission has been committed. . . . An intervening cause breaks the chain of causation and constitutes a superseding cause which relieves the original actor of liability. . . ."). See also Sigmund v. Starwood, 475 F.Supp.2d 36 (D.D.C. 2007)(in civil tort law when harm is caused by intervening criminal act, the law demands heightened foreseeability).

In this case, any reasonable fact finder reviewing the totality of circumstances present in the case would have to conclude that the intervening criminal conduct of the co-defendants in this case were the actual and proximate cause of any injuries to the police officers. The following photograph – which depicts co-defendants Samsel and Randolph pushing forward on the bicycle rack directly in front of Officer C.E. moments before it fell over - would seem to be dispositive as to this issue.



**CONCLUSION**

This trial memorandum has set forth what the defense believes will be one of the most important legal and factual issues this Court will need to consider in rendering a verdict in this case as to Count Two of the Superseding Indictment. The defense will rely upon these legal principles and the evidence adduced by the Government at trial in requesting an acquittal on Count Two.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via ECF to the Assistant United States Attorneys listed on the case docket and counsel for the co-defendants, this 19th day of October, 2023.

*Robert Feitel*

_____
Robert Feitel