UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 21 Cr. 537 (JMC) |
| v. | : | |
| JAMES TATE GRANT | : | |
| Defendant. | : | |

**DEFENDANT JAMES GRANT'S SUPPLEMENT IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNTS FIVE THROUGH SEVEN**

Defendant James Grant respectfully submits this Supplemental Memorandum (in conformity with this Court's Minute Order dated December 12, 2023) in support of his Motion For Judgement of Acquittal as to Counts Five, Six and Seven of the Superseding Indictment in this case, which charge him with: (1) knowingly remaining in a restricted building and grounds while using and carrying a deadly or dangerous weapon[Count 5]; (2) knowingly impeding the orderly conduct of Government business in a restricted building and grounds with a deadly or dangerous weapon [Count 6]; and (2) knowingly engaging in an act of physical violence against person and property in a restricted building and grounds with a deadly or dangerous weapon [Count 7], in violation of 18 United States Code Section 1752(a)(2) and (a)(4) *et seq*.

As this Court knows, Judge Nichols recently ruled that to obtain a conviction for these counts, the Government must prove beyond a reasonable doubt that the accused knew:

> (1) that the U.S. Capitol and its grounds were "posted, cordoned off, or otherwise restricted" and (2) that a "person protected by the Secret Service" (here, the then-Vice President) "[was] or [would] be temporarily visiting."

*United States v. Elizalde*, 23 Cr. 170 at DE 39. A similar decision was reached by Judge

1

Lamberth in *United States v. Sturgeon,* No. 21-cr-91at DE 163.[1]

The requirement that the Government prove that the defendant had knowledge that a person protected by the Secret Service was (or would be) visiting the restricted area is consistent with the use of the word "knowing" at the beginning of each of the statutory subsections contained in 18 U.S.C. Section 1752. The Government acknowledges that the accused must have knowledge that the location was "restricted" and under the circumstances of this case, there is no principled argument that the knowledge requirement does not also apply to the other elements of the offense.  This is especially true in this case because the "restricted area" signs were posted (shown in Exhibit 4) in the name of the United States Capitol Police, not the U.S. Secret Service.



---

[1]. This issue is also pending resolution by the D.C. Circuit Court of Appeals in *United States v. Griffin*, No. 22-3042, which heard oral argument on December 4, 2023.

Based upon the sign, an ordinary citizen would understand that the area was restricted - but would not be on notice that the Secret Service was in involved in the closure. In this case, it would have been entirely reasonable to assume that the reason for the Area Closed signs was the counting of the electoral ballots at the Capitol.

Moreover, the presence of a person protected by the Secret Service in the restricted area changes the nature of the charge from a misdemeanor trespassing charge, to a felony with a maximum ten-year term of imprisonment. Requiring knowledge that a protected person was present prevents criminalizing conduct where there is insufficient *mens rea* to violate the statute. As Judge Nichols noted:

> After all, every cordoned off area where a Secret Service protectee is present is a § 1752 "restricted building or grounds," but not every cordoned off area where a secret service protectee is present is cordoned off because a secret service protectee is present. Here, for example, it is unclear that then-Vice President Pence's presence at the Capitol on January 6, 2021 was the only reason (or even the primary reason) why the Capitol building and grounds were posted and cordoned off. The building and grounds may have been restricted (in the colloquial sense) because of the nearby rally and the joint session of Congress. [The defendant's] reading does not require proof that he knew the reason the grounds were restricted in the definitional sense; rather, it simply requires proof that he knew the Vice President was present.

In this case, the Government did not introduce any evidence to establish that James Grant knew that the Vice-President (or any other Secret Service protectee) was (or would be) present at the Capitol. Thus, the Government failed to establish an essential element of Counts Five, Six, and Seven. This Court should therefore grant the defendant's Motion For Judgment of Acquittal as to these charges.

          Respectfully submitted,

          *Robert Feitel*
          _____
          Robert Feitel, Esquire
          Law Office of Robert Feitel
          1300 Pennsylvania Avenue, N.W.

#190-515  
Washington, D.C. 20008  
D.C. Bar No. 366673  
202-255-6637 (cellular)  
RF@RFeitelLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to the Assistant United States Attorneys listed on the case docket and counsel for the co-defendants, this 29th day of December, 2023.

*Robert Feitel*

_____
Robert Feitel

4