IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-00537-JMC |
| | : | |
| JAMES TATE GRANT, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO RESPOND
TO DEFENDANT GRANT'S MOTION TO RECONSIDER JUDGMENT
AND CONTINUE HIS SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an extension of time to file its sentencing memorandum concerning Defendant James Tate Grant and to continue his August 8, 2024 sentencing date in light of the recent decision in *Fischer v. United States*, 144 S.Ct. 2176 (2024). The United States further moves for an extension of time to respond to Defendant Grant's even more recent Motion To Reconsider Judgment, ECF 380, which relies on *Fischer* to support his argument that this Court should overturn its verdict of guilty on Count Ten of the Fourth Superseding Indictment. Defendant Grant objects to the requested continuance.

On February 2, 2024, this Court found Defendant Grant guilty of Count One, Obstructing, Impeding, or Interfering with Law Enforcement During a Civil Disorder, 18 U.S.C. § 231(a)(3), Count Three, Assaulting, Resisting or Impeding Certain Officers Using a Deadly or Dangerous Weapon, 18 U.S.C. §§ 111(a)(1) and (b), Count Eight, Disorderly Conduct in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(D), Count Nine, Act of Physical Violence in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(F), and Count Ten, Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2). ECF 338. Prior to the beginning of trial, the Defendant pleaded guilty to Count Fourteen, Entering and Remaining in Certain Rooms in the Capitol

Building, 40 U.S.C. § 5104(e)(2)(C) and Count Fifteen, Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G). The Court set this matter for sentencing on June 13, 2024. *Id*. On May 19, 2024, Defendant Grant filed an unopposed request to continue his sentencing. ECF 372. That request was granted. ECF Minute Order 05/20/2024. The Court continued the sentencing to August 8, 2024. *Id*.

In the meantime, after litigation through the D.C. Circuit, the U.S. Supreme Court issued its opinion in *Fischer* on June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Id*. at 2194. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id*. at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id*. (remanding the case to the court of appeals for assessment in light of the Court's opinion). Through these proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant's, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See id*. at 2190 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id*. at 2194 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding"). On July 15, 2024, Defendant Grant filed a motion to reconsider the verdict of guilt for Count Ten under 18 U.S.C. § 1512 in light of *Fischer*. ECF 380.

2

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the Government is still evaluating *Fischer's* impact on this case, and the cases of many other defendants involved in the January 6, 2021 riot at the United States Capitol. In light of the recency of the *Fischer* decision, its ongoing litigation, and the complexity of issues *Fischer* has left unresolved, the Government respectfully requests a 60-day continuance of the sentencing and 30 days to respond to Grant's motion to reconsider his conviction for Count Ten. Specifically, the Government is asking for an extension to August 23 to respond to Grant's motion and a continuance to late September for Grant's sentencing date, with a concomitant extension of time to file the Government's sentencing memorandum. At present, the parties are set to submit their sentencing memoranda to the Court prior to resolving Grant's motion for reconsideration, which would be a reverse of the proper order, as the Court should first determine the counts of conviction before deciding the sentence. It is in both parties' and the Court's interest to allow the Government the opportunity to carefully evaluate a consistent approach in the aftermath of *Fischer*, and judicial economy favors sentencing co-defendants together. Grant's co-defendants have either sought – or not objected to – continuing the sentencing to a date in late September.

//
//
//
//
//
//
//
//

Grant violated his release conditions by driving under the influence while in possession of an AR-15 assault rifle, two loaded magazines and multiple rounds of ammunition. A warrant for the violation was executed on January 6, 2022, and the Court ordered Grant's remand on January 18, 2022. The United States has preliminarily calculated a guideline sentencing range for Grant of 87 to 108 months. Even under the Presentence Report writer's calculations of a range of 70 to 87 months, *see* ECF 371, Grant's pretrial custody currently amounts to less than half of the low end of his guideline range. The Defendant is therefore not prejudiced by this requested continuance.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:    */s/ Alexandra F. Foster*
        ALEXANDRA F. FOSTER, D.C. Bar No. 470096
        KYLE R. MIRABELLI, N.Y. Bar No. 5663166
        J. HUTTON MARSHALL, D.C. Bar No. 1721890
        Detailees to the
        Washington D.C. U.S. Attorney's Office
        601 D Street N.W.
        Washington, D.C. 20530
        (619) 546-6735
        Alexandra.Foster@usdoj.gov