UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 21 Cr. 537 (JMC) |
| v. | : | |
| JAMES TATE GRANT | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR RETURN OF PROPERTY

### INTRODUCTION

Defendant James Grant asks this Court to enter an Order pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property seized during a search at the time of his arrest on October 14, 2021, including his: (1) Dell laptop computer; (2) Apple iPhone; and (3) winter coat. In a good faith effort to avoid additional litigation in this case, the defense requested that the Government voluntarily return the property. The prosecutors refused to do so, noting that since Mr. Grant filed an appeal in this case, the Government needed to keep the items.

The Government has had exclusive possession of the defendant's electronic devices (as of the filing of this motion) for the last 1,118 days. The FBI conducted a forensic review and copied the relevant contents of both the computer and the telephone in 2022. During the trial, the prosecution introduced into evidence only two photographs and two emails that were exploited from the iPhone and no evidence from the computer. Indeed, the computer and telephone themselves were not even marked as potential exhibits. As such, there is no principled argument that the Government should be allowed to retain the electronic devices (and certainly not the defendant's coat) pending the resolution of the appeal in this case.

In similar cases in this jurisdiction arising out of the events of January 6, 2021, the courts have held that the Government has no right to maintain a defendant's electronic devices when

they have a copy of their contents, <u>United States v. GossJankowski</u>, 669 F.Supp.3d 1

(2023)(Friedman, J.) and the mere fact that the defendant has filed an appeal does not alter that

calculus. <u>United States v. Chansley</u>, 2024 WL 3673672 (D.C).

     In this case, the Government's need to keep the defendant's property appears to be non-

existent. In contrast, James Grant has been released from custody and has a legitimate interest in

the return of his phone and computer to use in his everyday life.

**RELEVANT FACTS**

     On October 14, 2021, James Grant was arrested at his parent's home in Wake County,

North Carolina in connection with this case. At the time of the arrest, law enforcement officers

executed a search warrant and recovered, *inter alia*, a Dell laptop computer and an iPhone

belonging to the defendant. The defendant's winter coat was also seized as evidence.

     An FBI report dated June 17, 2022 noted that a "review" of the defendant's laptop and

telephone had been conducted. With respect to the computer, the report noted that "[n]o items

were considered within the parameters of being relevant to the captioned investigation and

therefore, nothing was scoped." As to the telephone, material that was determined to be relevant

was "provided via USAfx to the AUSAs prosecuting this case on June 17, 2022." A copy of the

report (with appropriate redactions) is attached hereto as Exhibit 1.

     Undersigned counsel's notes reflect that during the trial testimony of FBI Special Agent

Noyes on October 30, 2023 the Government introduced into evidence – without objection from

the defense as to authenticity – two emails obtained from the defendant's phone sent to members

of the Georgia legislature (Gov Exhibits 1102A and 1102B) and two photographs from the phone

depicting Mr. Grant inside of the Capitol building (Gov Exhibits 1102C and 1102D). No

2

evidence obtained from the defendant's computer was used by the Government. The defendant's winter coat was not even marked for use as possible evidence at trial.

The Government has not made any effort to forfeit the computer, phone or coat since their seizure more than three years ago. The Judgment and Commitment Order in this case was entered on the Court's docket on September 25, 2024 (DE 430). The defendant filed a timely Notice Of Appeal on October 3, 2024 (DE 432). More than thirty days have passed since the defense appeal; the Government's time for filing an appeal has thus lapsed.

## LEGAL ANALYSIS

### 1. The Government No Longer Has A Valid Reason to Hold The Defendant's Property

The law does not permit the Government to indefinitely seize and maintain control of a defendant's property, even if it was lawfully seized in the first instance.

> Lawful seizure of the property, of itself, may affect the timing of the return, but never the owner's right to eventual return. **(T)he district court, once its need for the property has terminated, has both the jurisdiction and the duty to return the . . . property .** . . regardless and independently of the validity or invalidity of the underlying search and seizure (internal quotations omitted)(emphasis added).

United States v. Hubbard, 650 F.2d 293, 303 (D.C. Cir. 1980).

Federal Rules of Criminal Procedure 41(g) establishes a mechanism for a defendant to ask the Court to Order the return of seized property.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return .... The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In this case, the Government reviewed the contents of the defendant's laptop computer and cellular phone and copied what it deemed pertinent. Accordingly, the prosecution has no further legitimate need to keep Mr. Grant's property. In United States v. GossJankowski, 669 F. Supp. 3d 1 (D.D.C. 2023), the defendant (who was also charged as a result of the events of

January 6, 2021) moved the Court, prior to the trial of this case, for the return of the electronic devices seized at the time of his arrest. The Government objected, noting that it might need the devices to authenticate the contents of the devices for use at trial. The Court rejected the argument, noting that:

> there is simply no reason for the government to maintain possession over Mr. GossJankowski's six electronic devices. The government has already made copies of the information on the devices that it may need for trial, and it appears that nothing on the remaining devices – three laptops and a Droid phone – is relevant. . . . As for the government's concern about proving authenticity at trial, Mr. GossJankowski correctly points out that under Rule 1003 of the Federal Rules of Evidence, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. And if a "genuine question is raised" regarding the authenticity of any evidence from Mr. GossJankowski's electronic devices, the government may authenticate the evidence through means that do not require continuing possession of the devices.

United States v. GossJankowski, 669 F. Supp. 3d 1, 6 (D.D.C. 2023)(Friedman, J.).

In this case, not only does the Government have the relevant contents of the defendant's computer and telephone copied, but undersigned counsel has been authorized to represent to the Court that in the event of a retrial of this case, James Grant will stipulate that any electronic copy of his cellular phone and laptop made by the FBI are authentic, reserving only his right to challenge the relevancy of the items.

## 2. The Defendant's Appeal Is Not A Valid Basis For The Government To Maintain The Defendant's Property

The Government has advised the defense that it will not agree to the return of the electronic devices (and the winter coat) because the defendant filed an appeal and thus, the items may be needed in the future in the event of a retrial. This same argument was explicitly rejected by Judge Lamberth in the case involving the soc-called "QAnon Shaman," who sought return of the helmet he wore and spear he carried when he breached the Capitol on January 6, 2021.

In that case, the prosecution likewise alleged that it needed the items until there was "finality" in the appellate process. The Court ruled in relevant part that:

> The government has failed to establish that it still needs Mr. Chansley's property as evidence. It asserts that it "should and must retain actual evidence of a crime where, as here, the defendant pled guilty to a crime that he may contest given the decision in Fischer." Opp'n ¶ 15; see also id. (noting the government's wish is "to continue to hold the property as evidence until" "finality in the appellate process"). But it is not clear how Mr. Chansley could contest his conviction, as he has been sentenced, abandoned his direct appeal, and seen his § 2255 motion denied. But **even if the government may need to reprove Mr. Chansley's guilt, the government has not explained why it would need his property.** Chansley "was the face of the riot at the United States Capitol on January 6, 2021." Chansley, 2023 WL 4637312, at *1. Images of him at the Capitol on that day abound. Chansley, 525 F. Supp. 3d at 155 ("His actions that day were extensively photographed and recorded.").
>
> **As there is voluminous video and photo evidence of Mr. Chansley's conduct, his property is of little utility for an investigation or prosecution and "the United States' legitimate interests can be satisfied even if the property is returned**." Rayburn House Off. Bldg., 497 F.3d at 663 (quoting Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendments). The Court therefore finds that the retention of Mr. Chansley's property would be unreasonable.

United States v. Chansley, 2024 WL 3673672 at *6 (D.D.C)(emphasis added).[1]

In this case, the return of the defendant's property would not create any discernable prejudice to the Government *vis a vis* its future ability to prosecute defendant Grant if the case were to be retried. Rather, the delay in retuning the items works as an additional – and unnecessary – punishment of the defendant.

## CONCLUSION

For all of these reasons, the defense respectfully requests that this Court grant the

---

[1] In response to the defense's request for the return of Mr. Grant's property, the Government also noted that this Court previously denied a co-defendant's similar request. The case docket reveals that co-defendant Johnson moved for return of his property prior to the return of the verdict in this case (DE 320), the Government opposed (DE 324) and this Court orally denied the motion "without prejudice" when it returned its verdict. See Minute Entry February 2, 2024). The defense does not believe that the denial of Johnson's motion should have any precedential value because it was decided prior to Judge Lamberth's decision in the *Chansley* case and Johnson's motion did not bring to the Court's attention Judge Freidman's decision in *GrossJankowski*.

defendant's motion and pursuant to Federal Rule of Criminal Procedure 41(g) order the return of

the defendant's property.

Respectfully submitted,

*Robert Feitel*

_____

Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20004
D.C. Bar No. 366673
202-450-6133 (office)
202-255-6637 (cellular)
RF@RFeiteLaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via ECF to the Assistant United States Attorneys listed on the case docket and counsel for the co-defendants, this 5th day of November, 2024.

*Robert Feitel*

_____

Robert Feitel