IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00537-JMC |
| | : | |
| JAMES TATE GRANT, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' RESPONSE TO DEFENDANT JAMES TATE GRANT's MOTION FOR RETURN OF PHYSICAL PROPERTY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to Defendant James Tate Grant's motion for the return of physical property seized by the government. ECF 444.

**Background:**

On October 6, 2021, pursuant to a federal search warrant, property was seized from the home of the defendant as evidence or potential evidence of his participation in the attack on the U.S. Capitol on January 6, 2021. Government agents seized a black Gerry jacket with a hood consistent with the jacket the defendant wore on January 6, 2021, a Dell laptop computer, and an Apple iPhone, among other items.

On October 31, 2023, the government rested after a six-day bench trial. The government did not seek to introduce these items as evidence in its case in chief, but did offer two images and two emails from the defendant's iPhone. The defendant elected not to testify. This Court found the defendant guilty of several counts on January 4, 2024 and he was sentenced to 36 months incarceration on September 19, 2024. On October 3, 2024, the defendant filed a notice of appeal. ECF 432. The defendant now seeks return of the three items listed above. ECF 444. The

government does not object to return of the Dell laptop, or the return of the iPhone after an appropriate stipulation is executed, but does object to return of the jacket.

**Legal Standard:**

Generally, property that is seized by government agents that is not contraband should be returned to the owner at the end of criminal proceedings. *See United States v. Farrell,* 606F.2d 1341, 1343 (D.C. Cir. 1979). However, property that is lawfully seized "may be retained pending exhaustion of its utility in criminal prosecutions." *United States v. Brown*, 185 F. Supp. 3d 79, 82 (D.D.C. 2016) citing *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980). One proper reason for retaining property is for its use as evidence at potential hearings or trial. *Id.* at 86.

**Argument:**

The defendant's motion for return of property should be denied because the evidentiary utility of the defendant's property is not exhausted until the judgment is final and appellate remedies exhausted. Since the defendant has filed a notice of appeal, the property seized may become relevant in future proceedings. While the government did not seek to introduce the property at trial, neither party would be precluded from doing so in any new trial. The images or emails introduced, may be subject to new objections or challenges, thus requiring testimony about the analysis of the cell phone or introduction of the cell phone itself. The defendant may choose a different defense, including challenging his identification as the person who committed the offense, therefore making the clothing he wore to January 6 relevant. The government is not aware of relevant evidence seized from the defendant's laptop, and therefore, does not object to its return. The government requests that this Court deny the defendant's motion as to the other two items until an appropriate stipulation is executed for the iPhone and until the jacket's "utility" as potential evidence is truly "exhausted."

The defendant cites *United States v. Chansley* in support of his position that the property should be returned, but in that case, Judge Lamberth granted the defendant's motion for return of property after Mr. Chansley "was sentenced, abandoned his direct appeal, and seen his §2255 motion denied." No. 1:21-cr-3-RCL, 2024 U.S. Dist. LEXIS 138028, at *6 (D.D.C. Aug. 5, 2024). That is not the case here; the defendant's appeal is still pending. With regards to *United States v. GossJankowski*, the government respectfully disagrees with the ruling that there was "no reason for the government to maintain possession over . . . [the] electronic devices." 669 F.Supp. 3d 1, 6 (D.D.C. 2023). The "utility" of the iPhone is not "exhausted" until there is no possibility of the need to produce it for authentication at a subsequent proceeding. However, given that the defendant "will stipulate that any electronic copy of his cellular phone . . . made by the FBI [is] authentic, reserving only his right to challenge the relevancy of the items" (Def. Mot. at 4) the government would consent to return of the iPhone after execution of such stipulation. With respect to the jacket, the government requests the Court follow the same approach taken with regard to Grant's co-defendant, Stephen Randolph, and deny the motion for return of Mr. Grant's jacket. *See* Minute order 2/2/2024.

Dated: November 19, 2024

                                                Respectfully Submitted,

                                                MATTHEW M. GRAVES
                                                United States Attorney
                                                D.C. Bar No. 481052

By:          */s/*
              KYLE R. MIRABELLI
              N.Y. Bar No. 5663166
              Assistant United States Attorney
              601 D Street, N.W.
              Washington, D.C. 20579